FILED by __MB__ D.C.

ELECTRONIC

**Oct. 3, 2011**

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA.- MIAMI

1  Robert Rameses  P-99863
   Mule Creek State Prison
2  P.O. Box 409040 B-8-109
   Ione CA 95640
3

ORIGINAL

4     Petitioner Pro-Se

5            **11-23580-CIV-LENARD/O'SULLIVAN**

6         In The United States District Court For
7       THE SOUTHERN DISTRICT OF FLORIDA

8  In re: Robert Rameses,        ) Petitioner's Motion For
              Petitioner,        ) Extraordinary Remedy Of
9                                )
10 Vs                            )Specific Performance As Part
                                 )      Of Plea Agreement
11 United States District Court, )
   For The Eastern District, The )
12 United States Department Of    )
   Justice, United States Attorney)
13 Richard Scruggs,United States, )
   Attorney David Demaio, F.B.I., )
14 Agent Herbert Cousins, Metro,  )
   Dade Detective Rex Rembley,    )
15 Assistant State Attorney       )
   For The State Of Florida ,     )
16 Abraeam Leaser,                )
              Respondents,        )
17  _____/

18 To: The Judges And Other Officials, Officers,Agents,State and
   Federal Attorneys Named and Obligated Herein:
19

20     I Robert Rameses (hereafter Petitioner) now motion, (as a

21 guaranteed right by state and Government contract), For Specific

22 Performance. I am alleging the State and Federal Governments

23 named but not limited to, herein have breached petitioner's plea

24 plea agreement.

25     On March 4, 1988, petitioner entered into a verbal plea

26 agreement with the United States Government and The State Of

27 Florida. This verbal Agreement made various promises, (as shall

28 be presented) however; The promise of immunity was part of the

cat/div ___Other/MIA___
Case # _____
Judge_____ Mag _____
Motn Ifp ___Yes.___ Fee pd $ _____
Receipt # _____

inducement that petitioner relied upon to waive his rights and plead guilty.

On March 23, 1988, Petitioner signed the written terms of the plea agreement, Exhibit A,

However; ratification of this agreement was delayed until June 7,1988.

Petitioner's reasonable understanding was that by pleading guilty and testifying under the inducement and grant of the broadest type of use and derivitive use immunity for all crimes committed before signing of the agreement, all evidence as petitioner's prior convictions could not be used for any purpose in any future prosecution. See Reina V United States,369,U.S. 507,513,81 S.Ct 260,264,5 L.Ed 2d 249 (1960). See Exhibit A, Section,13 Kastigar V U.S.,406 U.S. 441,32 L.Ed 2d 212,92 S.Ct 1653 (1972).

**Specific Performance**

Petitioner was promised (as a condition of his plea agreement) that at his option, petitioner has a right to declare his plea agreement null and void or to be sentenced in accordance with provisions of sections 1 through 7 and 13 through 15 and 17 by means of **Specific Performance** See Plea Agreement Section 18 See United States V Hallam 427 F2d 168-69 (9th Cir 1973). See also U.S. V Transfiguration,442 F3d 1222,1236 (9th Cir 2006).

On January 31, 2008, Petitioner, Before the United States District Court For The Eastern District, filed a motion To Renew Specific Performance of Breached Plea Agreement, Exhibit B, Which was never adjudicated.

Specific Performance is ordered when the defendant can

show prejudice, [I]n the instant case, The State of California made evidentiary use of petitioner's immunized information and convictions induced by the promise of immunity See <u>Section 13</u> of the plea agreement. In violation of his constitutionally fifth amendment. Petitioner testified in various trials against organized crime, For his cooperation with the government as well as a permanent threat to his life, petitioner was sentenced to 25 to life for one count of §476(a) bad checks, under the three strikes law. Not only is this gross prejudice, **Specific Performance** is <u>guaranteed</u> as part of petitioner's State and Government contract. See Exhibit A , also letters from Richard Scruggs and David Demaio, also <u>Section 18</u> of the plea agreement. In which the United States Government <u>is</u> bound by <u>all</u> the terms of this agreement. (The Government is involved in the agreement from the onset. See <u>Sections 7,8,9,12,13,14</u>,and <u>15</u> of the plea agreement.

**<u>Evidentiary Hearing</u>**

By the evidence presented herein, petitioner has proven a breach of his plea agreement by a preponderance of the evidence See <u>U.S.</u> V <u>Packwood</u>,848 F.2d 1009,1011 (9th Cir 1988).

The government may not unilaterally declare that petitioner breached his terms of the plea agreement; and a court <u>must</u> hold a hearing to confirm the breach. See <u>Blackledge</u> V <u>Allison</u>,431, U.S. 63,76,80-82 (1977), "Allegation of a breach entitles petitioner to an <u>evidentiary</u> <u>hearing</u>, **unless** petitioner's allegations are "palpably incredible" or "patently frivolous" or "false". (**This has never been alleged**)

Special circumstances exist in this case that show the

1   prosecution was taken in bad faith.

2        Petitioner has always maintained:

3            "Under the self-incrimination clause of the fifth
             Amendment, Evidence of guilt induced by promise
4            Of immunity is coerced evidence and may not be
             used against accused U.S.C.A. Const Amend 5"
5

6        See Younger V Harris, 401 U.S. at 49-54 91 S.Ct at 753.

7   " No credible evidence exists that petitioner testified

8   untruthfully or otherwise failed to perform his part of the

9   bargain. See Santobello V   New York,404,U.S.  257,262-63

10  (1971). "Although a federal court may not decide an initial

11  remedy to a breach of an agreement, it may enforce constitutional

12  guarantees". " A constant factor is that when a plea rest in any

13  significant degree on a promise or agreement of the prosecutor,

14  so that it can be said to be part of the inducement or

15  consideration, such promise **must** be fulfilled .

16

17                      Prayer For Relief

18       Wherefore petitioner prays this court and all respondents

19  involved, to recognize your appropriate duties in the interest of

20  justice in relation to the promises made in the plea agreement

21  presented herein, requiring **specific performance** of the plea

22  agreement. Noting that when the Government breaks it's bargain it

23  undercuts the basis for the waiver of constitutional rights

24  implicit in the plea. An evidentiary hearing must issue.

25

26   9/28/2011
     DATE

27

28                           Resectfully Submitted

                             Robert Rameses P-99863

## PROOF OF SERVICE BY MAIL

I declare that:

I am a resident of _MCSP._, in the county of _Ione_, Ca.

I am over the age of 18 years.  My residence address is: Mule Creek State
Prison

P.O. Box 409040 Ione CA 95640

On _9/28/2011_, I served the attached:

Extraordinary Remedy Of Specific Performance

On the _9/28/2011_ in said case by

placing a true copy thereof enclosed in a sealed envelope with postage thereon fully

paid, in the United States Mail at:

MCSP. P.O. Box 409040 Ione CA 95640.

Addressed as follows:

United States District Court
Southern District Of Florida
Clerks Office 299 East Broward Boulevard
Room 108 Fort Lauderdale Florida 33301

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct, and that this declaration was executed on _9/28/2011_,

At _Ione_, California.

Robert Ramires

**[Type or Print Name]**

**[Signature]**

# EXHIBIT

## "A"

U. S. Department of Justice



*United States Attorney*
*Southern District of Florida*

Refer:  ☒ 155 S. Miami Ave., Suite 700     ☐ 299 E. Broward Blvd., Rm. 203B     ☐ 501 Clematis Street,    Room 412
To  :      ☒ Miami, Florida   33130-1693      ☐ Ft. Lauderdale, Florida    33301        ☐ West Palm Beach, Florida 33401

May 10, 1990


Jeffrey Weinkle, Esq.
Coral Gables, FL

RE:  Robert Rozier

Dear Mr. Weinkle:

    This is to confirm the agreement between the United States of America and your client Robert Rozier in which the United States agrees to be bound by all of the terms of the plea agreement entered into between Mr. Rozier and the State of Florida. Furthermore, it is agreed that no federal charges will be filed against Mr. Rozier for any of the criminal acts disclosed by Mr. Rozier during the course of his interviews with federal and state law enforcement.

                          DEXTER W. LEHTINEN
                          UNITED STATES ATTORNEY


                    BY:  _Richard Scruggs_
                          RICHARD SCRUGGS
                    ASSISTANT UNITED STATES ATTORNEY



U.S. Department of Justice

*United States Attorney*
*Southern District of Florida*

---

*155 South Miami Avenue, Suite 700*
*Miami, Florida 33130*

April 12, 1989

Jeffrey D. Weinkle, Esq.
The Law Center
370 Minorca Avenue, Suite 9
Coral Gables, Florida  33134

Re: Testimony of Robert E. Rosier

Dear Mr. Weinkle:

    This letter is to advise you that with regard to any information or testimony of Robert Earnest Rosier, also known as Neariah Israel, the United States Department of Justice considers itself bound by the terms of the written Plea Agreement between the State of Florida and Robert Rosier entered on March 23, 1988.

    Accordingly, this office, pursuant to Paragraphs 7 and 8 of the Agreement, may from time to time request Mr. Rosier's assistance in the form of truthful information or testimony at debriefings, grand jury proceedings, and civil or criminal trials.  It is our position that should we request such assistance or testimony -- regardless of whether or not the United States is a party to the proceedings involving Mr. Rosier's testimony, deposition or debriefing -- the United States and its agencies would be bound by Paragraph 13 of the Agreement concerning use and derivative-use immunity.  Because our subpoenas, unlike the State of Florida, do not confer use immunity automatically, it is our position that our request for assistance or testimony is sufficient to trigger the immunity provisions of Paragraph 13.

Very truly yours,

DEXTER W. LEHTINEN
UNITED STATES ATTORNEY

By: _____
DAVID MICHAEL DeMATO
ASSISTANT UNITED STATES ATTORNEY

Robert Rameses P-99863
Mule Creek State Prison
P.O. Box 409040 B-8-106
Ione CA, 95640

U.S. Attorneys,
W. Scott McGregor
501 I Street # 10-100
Sacramento CA 95814

Debra Yang
1200 U.S. Courthouse
312 N. Spring St #1200
Los Angeles CA 90012

Kevin Ryan
450 Golden Gate Ave,
P.O. Box 36055
San Francisci CA 94102

Carol C. Lam,
880 Front St Room 6293
San Diego CA 92101

                &
All United States Attorneys

        Dear Sirs, and Mrs,

My name was Robert Rameses, I entered into a negotiated plea
agreement with the State of Florida and The United States
Government in 1988. I was placed in the Federal Witness
protection Program and given a new identity. Robert Rameses.

        This correspondence is pursuant to the unfulfilled
promises on behalf of the United States Government, in which the
government agreed to be Bound by all the terms of the plea
agreement. See Exhibits.

        The U.S. Department Of Justice (U.S. Government) has been
misrepresented by Assistant U.S. Attorney William Richard Scruggs
#887640 and Assistant U.S. Attorney David Michael Demaio #
8866513. Which reflects concerns for the honor of the government,
public confidence in the fair administration of justice, and the
effective administration of justice in a Federal scheme of
government.

        When a U.S. Attorney negotiates and contracts on behalf
of the United States or "Government" in a plea agreement for
specific protection of defendant's individual constitutional
rights ie (Fifth Amendment Protection) (Immunity), That (or in
this case those) U.S. Attorneys speaks for and binds all of his
or her fellow U.S. Attorneys.

with respect to those promises negotiated in a plea agreement. All U.S. Attorneys <u>must</u> honor the contract because every U.S. Attorney represents the Government as a whole.

The grant of immunity is considered to be a contract between the Government and the witness (me) and immunity agreements are interpreted in accordance with contract law. Thus to visit a sentence of 25 to life on a defendant for one count of Penal Code §476(a) bad checks in violation of a bargain (immunity) defendant fully performed (testified truthfully in various state and federal trials, convictions in two out of three), Yahweh Ben Yahweh, Presents a magnitude more at stake than just the liberty of the defendant.

The District magistrate and Judge Eastern, have not acted legally, to the point of self-perpetuating fraud and misrepresentation. Denying any legal interpretation (specific performance), avoiding the execution of the agreement. (The evidence is overwhelming). Maliciously attempting to render the contract non-adjudicatable or enforceable. The terms are lawfully written may not be given an illegal spin as part of a effort to curtail the obligations they create.

This principle is based not on solicitude for the defendant but on concern for the public welfare. A defendant should not have to depend on the integrity, honesty, or desires of a remote U.S. Attorney when negotiating plea agreements. As represented herein, (**Mischief Happens** ).

**A plea agreement identifies the United States, and under the contract** principles, the government <u>must</u> live up to it's side of the bargain.

I have filed for Specific Performance of my plea agreement, (specific performance is stipulated in the contract Section 18), Yet... the governments conduct continues to violate the terms of the plea agreement, failing to enforce or consider my constitutional guarantees.

To reiterate, Th U.S. Attorneys named herein represent and bind <u>all</u> U.S. attorneys and <u>if</u> these Attorneys bears the responsibilities of men of honor, I must inform all U.S.

Attorneys who represent the government, "they have lost their way". Contradictions do not exist, a thing is what it is and a Title given does not magically bestow the attributes and characteristics required. The person must bring the required characteristics to the title and in this case, **they have failed badly.** write me and I will send all evidence,

_____

DATE

Sincerely Yours

_____

Robert Rameses P-99863

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA,
IN AND FOR DADE COUNTY

CASE NUMBERS 86-32222,
87-3750, 87-3751 and 87-23099
JUDGE MORPHONIOS

STATE OF FLORIDA

vs.                                    PLEA AGREEMENT

ROBERT ROSIER,
also known as
NEARIAH ISRAEL,

        Defendant.

_____

        The State of Florida, and the Defendant, ROBERT ROSIER,
also known as NEARIAH ISRAEL, pursuant to plea negotiations in
Case Numbers 86-32222, 87-3750, 87-3751 and 87-23099, enter into
the following agreement:

## PLEAS

        1.   In Case Number 86-32222, the Defendant shall plead
guilty to Counts One (I) and Two (II) of the Indictment, said
charges to be reduced to Second Degree Murder; Counts Three (III)
and Four (IV) to be nolle prossed after sentencing;

        2.   In Case Number 87-3750, the Defendant shall plead
guilty to Count One (I) of the Indictment, said charge to be
reduced to Second Degree Murder; Count Two (II) to be nolle
prossed after sentencing;

        3.   In Case Number 87-3751, the Defendant shall plead
guilty to Count One (I) of the Indictment, said charge to be
reduced to Second Degree Murder; Counts Two (II) and Three (III)
to be nolle prossed after sentencing; and

        4.   In Case Number 87-23099, the State shall nolle
prosse all counts under that Information after sentencing in the
above three cases.

## SENTENCE

        5.   The Defendant shall be adjudicated guilty of each
of the felony counts to which he entered pleas of guilty.  The

Defendant shall be sentenced, in accordance with the Florida Sentencing Guidelines, to twenty-two (22) years in the State Prison.

## SPECIAL CONDITIONS

6.   As a special condition of this plea, the Defendant will be placed on probation for a period of five (5) years, which shall be consecutive to the period of incarceration set forth in Section 5.

7.   As a special condition of this plea, the Defendant shall provide full and complete cooperation with the Dade County State Attorney's Office, the Metro-Dade Police Department, the Federal Bureau of Investigation, the United States Department of Justice, and local police departments which have jurisdiction over crimes which have occurred in their cities, including those crimes which involved members or followers of the Yahweh sect. The extent of the Defendant's cooperation with those local police departments shall be determined by the Dade County State Attorney's office and/or the Metro-Dade Police Department.

## DEFENDANT'S OBLIGATIONS

8.   The Defendant's cooperation shall include; but is not limited to, giving proffers and sworn statements, and providing testimony to State and Federal Grand Juries, and taking polygraph examinations, and providing testimony at depositions and other official proceedings, and providing testimony at trials; each to be provided upon the request of any of the law enforcement entities identified in Section 7 above.  The Defendant's cooperation shall not require him to engage in any undercover or covert investigative activity which might unreasonably jeopardize his physical safety.

9.   The Defendant shall give a proffer, sworn statement(s) and testimony detailing any and all information, of which he has knowledge, directly or indirectly, which relates to criminal activity, including any criminal activity that has been engaged in by members or followers of the Yahweh sect and Yahweh

Ben Yahweh, also known as Moses Israel, also known as Hulon Mitchell, Jr.  This shall include; but is not limited to, information about any homicide, attempted homicide, rape, arson, fire-bombing, kidnapping, robbery, aggravated battery, aggravated assault, child abuse, child neglect, welfare fraud, extortion and/or food stamp fraud, and related crimes.

The testimony and/or information given under this section and any other section of this plea agreement, shall, to the extent known, include; but is not limited to, the following:

a.  The type of crime or crimes committed;

b.  The names and identifying information of all persons involved in said crimes, whether acting alone, in concert with others, as a principal or as an agent;

c.  The date and/or time frame in which the said crimes were committed;

d.  The location where the said crimes were committed, including; but not limited to, a street address, town, city and/or state;

e.  The motive for the said crimes being committed;

f.  The name of the person or persons who ordered or requested that the said crimes be committed;

g.  The manner in which the said crimes were committed;

h.  The names of any witness or witnesses who may have information about the said crimes;

i.  The Defendant must make a good faith effort to assist law enforcement officers in locating and procuring the availability of such persons, provided under Section 9(h), as witnesses at proceedings, hearings, and trials.

10.  In addition to the other proffers, sworn statements and testimony provided, the Defendant shall give proffers, sworn statements and testimony detailing, to the extent of his knowledge, the following:

a.  The Defendant's involvement in the homicides that comprise Case Number 36-32222;

b.  The Defendant's involvement in the homicide that comprises Case Number 87-3750;

c.  The Defendant's involvement in the homicide that comprises Case Number 87-3751;

d.  The names and identities, and the extent of involvement of other persons who were involved in the homicides set forth in Section 10(a), (b), and (c) and information which would assist law enforcement officers in their efforts to locate such other persons;

e.  The circumstances and motives surrounding the homicides set forth in Section 10(a), (b), and (c);

f.  The Defendant's involvement in any other activity, whether he acted as a principal or agent, in concert or alone, in the State of Florida or in any other jurisdiction. Said information to include the name or identity of the victim(s), the motive for said crime, the name(s) of any other person(s) involved in the crime, the disposal of the body(ies), the disposal of any other evidence, the present location of any evidence, the present location of any body(ies) and/or body parts and information that would lead to the prosecution of the other persons involved in the crime. Refer to Section 13 for additional details on this subsection;

g.  Information related to a fire-bombing incident that occurred in Delray Beach, Florida, on May 20, 1986;

h.  Information related to homicides that have occurred within the State of Florida in which the Defendant was not personally involved and which

)

were committed by, or involved members or
followers of, the Yahweh sect;

i.    Information related to homicides that have
occurred outside the State of Florida in which the
Defendant was not personally involved and which
were committed by, or involved members or
followers of, the Yahweh sect;

j.    Information regarding the disposal of any dead
bodies or body parts by members or followers of
the Yahweh sect, including, but not limited to,
the location of those bodies or body parts,
regardless of whether those bodies were or were
not the results of homicides;

k.    Information regarding the location of any evidence
surrounding any of the crimes about which the
Defendant gives information under this plea
agreement;

l.    Information regarding the disposal of any evidence
surrounding any of the crimes about which the
Defendant gives information under this plea
agreement;

m.    The name(s) and identity(ies) of any person(s) who
may be a witness(es) to any of the crimes about
which the Defendant gives information under this
plea agreement; and

n.    Information relating to the involvement of
Yahweh Ben Yahweh, also known as Moses Israel,
also known as Hulon Mitchell, Jr., in any of the
matters set forth in any paragraph of this plea
agreement.

11.    The Defendant shall give proffers, sworn
statements and testimony detailing, to the extent known, any and
all information relating to the following:

a.    The internal and organizational structure of the
Yahweh sect and/or Temple of Love, Inc., and any

)

other corporations associated with the Yahweh
sect;

b.   The financial structure of the Yahweh sect and/or
Temple of Love, Inc., including, but not limited
to, the sources of funds that come in to and
expenditures and purchases which were made by the
Yahweh sect and/or Temple of Love, Inc.;

c.   Information that would assist in or lead to the
prosecution of any RICO action against the Yahweh
sect and/or Temple of Love, Inc.

## SENTENCING PROCEDURES

12.   The Court shall accept Defendant's guilty pleas,
but shall defer sentencing until the Defendant has completed the
sworn statement and polygraph examination as set forth below:

a.   The Defendant shall give a sworn statement or
statements and/or testimony covering those areas
previously covered in the proffer given by the
Defendant's lawyer and as set forth in this plea
agreement;

b.   The Defendant shall, at the option of the State,
be given a polygraph examination(s) to verify the
truthfulness and completeness of the sworn
statements previously referred to in this plea
agreement;

c.   The Defendant shall stipulate to the competency of
any and all polygraph examiner(s), the results of
any examination, and that the polygraph technique
is reliable.  The Defendant waives any right to
contest such results, competency, and reliability.
The polygraph results and any statements made by
the Defendant to the polygraph examiner(s) shall
not be used against the Defendant in any civil or
criminal proceedings;

d.   If the results of the polygraph examination(s) or
statements made by the Defendant to the polygraph

examiner(s) indicate that the Defendant's proffer was not truthful or complete or that the Defendant was not truthful during the sworn statement(s) or testimony in any material aspect, this plea agreement may, at the option of the State, be declared null and void. If the State exercises this option to unilaterally declare this plea agreement null and void, all pleas shall be vacated, and all parties shall be restored to the positions which they occupied prior to the signing of this plea agreement;

e. If the Defendant satisfies all of these conditions, the Court shall then sentence the Defendant in accordance with Sections 1 through 6 of this plea agreement;

f. This plea agreement shall be ratified when the proceedings reflected in subsection [12(a)] have occurred;

g. Pursuant to Florida Rule of Criminal Procedure 3.172(h) and Federal Rule of Criminal Procedure 11(e)(6), evidence of an offer or a plea of guilty (later withdrawn due to this agreement not being ratified), or of statements made in connection therewith, shall not be admissible in any civil or criminal proceeding against RIEFT ROSIER, also known as NEARIAH ISRAEL.

### IMMUNITY

13. (1) As consideration for the Defendant's compliance with the terms and conditions herein, the undersigned parties agree as follows:

a. The State of Florida hereby confers upon the Defendant the broadest type of use and derivative use immunity (but not transactional immunity) for crimes which were committed by the Defendant prior to the signing of this plea agreement, which crimes

having been committed anywhere within the State of Florida. This immunity shall apply to any charges that may be filed against the Defendant and/or that may arise from information provided pursuant to these investigations. It is the intent of all parties that the immunity conferred in this paragraph will apply to any and all State of Florida jurisdictions. However, should charges be filed, the following procedures will be implemented:

b. Notwithstanding the grant of use and derivative use immunity, should charges be filed against the Defendant for any Yahweh sect related homicide(s) which were committed by the Defendant within the Eleventh Judicial Circuit of Florida prior to the signing of this plea agreement, the Defendant shall be permitted to enter a plea of guilty to a degree of homicide no greater than Second Degree Murder and he shall receive a sentence of no more than twenty-two (22) years incarceration, such sentence to be concurrent and co-terminous with the sentences which he will receive pursuant to Sections 1, 2, 3, and 15 of this plea agreement;

c. Notwithstanding the grant of use and derivative use immunity, should charges be filed against the Defendant for any crimes other than homicides which were committed by the Defendant within the Eleventh Judicial Circuit of Florida prior to the signing of this plea agreement, the defendant shall be permitted to enter a plea of guilty to an offense no greater than a First Degree Felony, and he shall receive a sentence of no more than twenty-two (22) years incarceration, such sentence to be concurrent and co-terminous with the sentences which he will receive pursuant to Sections 1, 2, 3, and 15 of this plea agreement;

d.   Notwithstanding the grant of use and derivative use immunity, should charges be filed against the Defendant for any crime(s) which may have been committed by the Defendant in any State or Federal jurisdiction outside of the Eleventh Judicial Circuit of Florida, such crime(s) being committed prior to the signing of this plea agreement, the parties hereto will contact the appropriate State and/or Federal Prosecutor(s) and make known to the said prosecutor(s) the nature of the cooperation and assistance provided by the Defendant to the State and the provisions of this plea agreement.

(2)  By execution of this plea agreement, the Defendant hereby exercises his right against self-incrimination afforded by the Fifth Amendment to the United States Constitution. The Defendant understands that he will be served with subpoenas by the State of Florida to provide any and all information required pursuant to the terms of this plea agreement and that he will be compelled to testify and be provided immunity pursuant to Section 13 of this plea agreement. The requirement of providing the Defendant with subpoenas and/or a court order to testify after a grant of immunity pursuant to Section 13 is specifically contemplated by the terms of this plea agreement and shall not be construed as a failure to cooperate or a breach of this agreement.

<u>INCARCERATION</u>

14.  It is the understanding of the undersigned parties that the Defendant's compliance with the terms of this plea agreement may place him in danger of physical harm if left in State custody. Therefore, it is the understanding of the undersigned parties, that the Defendant, as part of this plea agreement, shall serve his sentence in a Federal Correctional Facility. The Defendant shall be eligible for release from incarceration in accordance with the usual State and Federal

parole, probation, sentencing guidelines, gain time, or good time procedures in effect during the Defendant's incarceration.

15. It is the understanding of the parties that as a part of this plea, the State Attorney's Office of the Eleventh Judicial Circuit of Florida, will make reasonable efforts to have the Defendant placed in a Federal Witness Security Program. Should the Defendant not be accepted into the Federal Witness Protection Plan, he shall nevertheless continue to serve his sentence in Federal custody.

16. It is the intent of all parties that if the Defendant complies with all of the material terms of this plea agreement, then the Defendant's sentence(s) for all cases falling within the scope of this plea agreement shall not exceed twenty-two (22) years incarceration.

17. It is the understanding of the undersigned parties that charges may be filed against the Defendant by the United States Attorney's Office for the Southern District of Florida pursuant to this plea agreement. It is the understanding of the undersigned parties that the Defendant will be allowed to enter a plea of guilty to such charges. The sentence entered pursuant to this plea agreement shall be concurrent and co-terminous with each other and with any sentence imposed in Federal Court.

## BREACH OF AGREEMENT

18. If the State breaches this plea agreement by failing to comply with any of the material aspects herein, (such as the failure of the Government to make any efforts in placing the Defendant in a Federal Correctional Facility or Federal Witness Security Program), the Defendant shall, at his option, have the right to declare this plea agreement null and void or to be sentenced in accordance with the provisions of Sections 1 through 7 and 13 through 15 and 17 by means of the specific performance of this plea agreement.

19. If after ratification of this plea agreement, the Defendant breaches this plea agreement by refusing to satisfy the material terms and conditions set forth in Sections 7 through 11,

the sentences given pursuant to Sections 1 through 3 shall be
vacated.  The Defendant hereby stipulates that he will waive all
rights to be sentenced under the State Sentencing Guidelines, and
he shall be sentenced to four (4) consecutive life sentences for
the crimes of Second Degree Murder, without pre-October 1, 1983
parole rights, under Case Numbers 86-32222, 87-3730 and 87-3751.
By signing this plea agreement the Defendant hereby waives any
Double Jeopardy claim related to such an increase of his
sentences.

        The State of Florida expressly reserves the right
to charge the Defendant with knowingly and willfully making a
false statement to a government agency, obstruction of justice,
and/or perjury in the event the Defendant intentionally provides
untruthful or misleading information or testimony; as well as
considering these acts as a violation of the terms of this plea
agreement.  In the event such charges are filed or the Defendant
otherwise breaches this plea agreement, the Defendant's immunized
statements shall be used against him.  The use of those
statements shall be limited to proving such charges or proving
that the Defendant has violated the terms of this plea agreement.

        20.  No additional promises, conditions or agreements
have been entered into other than those set forth in this plea
agreement.  Any promises, conditions or agreements that may be
entered into later shall be in writing and signed by all the
parties.

        21.  The Defendant acknowledges that he enters into
this plea agreement voluntarily and of his own free will, without
any coercion or threats, or promises having been made to him
(other than those set forth herein).  The Defendant further
acknowledges that he has consulted with counsel, and fully
understands all the terms and conditions of this plea agreement.

ROBERT ROSIER
also known as
NEAFIAH ISRAEL

DATE 3 - 21 - 88

JEFFREY D. WEINKLE
Attorney for the Defendant

DATE 3 - 2 - 88

ABRAHAM LAESER
Chief Assistant State Attorney
for Major Crimes
State Attorney's Office
Eleventh Judicial Circuit
of Florida

DATE March 23, 1988

Witnessed By

DATE March 23 1988

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT OF FLORIDA IN AND FOR DADE COUNTY

CASE NUMBER _Investigation_

**WITNESS SUBPOENA**
"Criminal Division"

STATE OF FLORIDA, ss.

vs.

TO: Robert Rosier

_Investigation_

_____

_____

_____

(Defendants)

(Witnesses)

TO ALL AND SINGULAR THE SHERIFFS OF THE STATE OF FLORIDA:        GREETINGS

We command you to summon the above witness(es) to be and appear before the State at a date and time to be agreed upon by Attorney of the Eleventh Judicial Circuit of Florida XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX Assistant State Attorney, Don L. Horn, and the attorney for the witness XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXXX XXXXXXXXXXXXXXXXXXXXXXX ) to testify and the truth to speak in behalf of the STATE in a certain matter before said State Attorney pending and undetermined.

And this you shall in no wise omit.

WITNESS, RICHARD P. BRINKER, Clerk of said Court, and the seal of said Court at Miami, Dade County, Florida, this the _23_ day of _May_, 19 _88_.

(Original)
(Court Seal)

RICHARD P. BRINKER, Clerk

By: _____
Deputy Clerk

RECEIVED this Subpoena on this the _24_ day of _MAY_, 19 _88_ and executed the same on the _24_ day of _MAY_ 19 _88_, by delivering a true copy thereof to the witness(es) named above, as follows, to-wit: _____

_Personal Service_

SHERIFF, DADE COUNTY, FLORIDA

By: _____
Deputy Sheriff

_1:50 PM_

```
1    ROBERT RAMESES, P99863
2    Mule Creek State Prison B9-148
     P.O. Box 409000
3    IONE, California
     95640-9000
4    Petitioner Pro Se

5

6             IN THE UNITED STATES DISTRICT
            COURT FOR THE EASTERN DISTRICT OF,CA.
7

8              SACRAMENTO DIVISION

9
     ROBERT RAMESES
10           Petitioner        CASE NO. CIV S-04-1173 GEB GGH P
     V
11
     SCOTT KERNAN, WARDEN (A),   DECLARATION IN SUPPORT OF
12          Respondents
                              /THE BROADEST TYPE OF USE AND
13                               DIRIVITIVE USE IMMUNITY

14

15

16
              I, ROBERT RAMESES, PETITIONER, hereby declare and
17
     state;under the penalty of perjury, that the foregoing facts
18
     are true and correct. On or about themonth of  JANUARY 1988 the
19
     state of Florida and the United States Government began plea
20
     negotiations, whereby I _____ would pled guilty
21
     to crimes pending and in return be given THE BROADEST TYPE OF
22
     USE AND DIRIVITIVE USE IMMUNITY FOR ALL CRIMES COMMITED BEFORE
23
     THE SIGNING OF THE AGREEMENT SIGNED MARCH 4th 1988. I WAS told
24
     by the highest office in the Land, The United States Government,
25
     that " The immunity that you have been granted protects you from
26
     any further use of any enhancements, evidence,or any further
27
     consequences in the future. If I _____ Had not been
28
     given those terms along with others I WOULD NOT HAVE PLEAD.
```

Date 8/24 2004

RESPECTFULLY Submitted;

ROBERT RAMESES P99863
Petitioner Pro Se

I, ROBERT RAMESES, petitioner in the above style
cause, hereby declares under the penalty or perjury that the
foregoing is true and correct Executed this 24 day 8 of 2004
AT MULE CREEK STATE PRISON, LOCATED IN IONE CALIFORNIA

# EXHIBIT

# "B"

Robert Rameses #P99863
Mule Creek State Prison
C-15-226 P.O. Box 409000
Ione California 95640-9000

1    Petitioner Pro-Se





2

3                              JAN 31 2008

4                       CLERK, U.S. DISTRICT COURT
                     EASTERN DISTRICT OF CALIFORNIA
                     BY _____
5                              DEPUTY CLERK

6

7              IN THE UNITED STATES DISTRICT COURT
             FOR THE EASTERN DISTRICT OF CALIFORNIA
8

9

10

11   Robert Rameses           ) No: CIV.S-04-1173 GEB GGH P
                 Petitioner,  )    MOTION TO RENEW SPECIFIC
12                            )    PERFORMANCE OF BREACHED PLEA
                              )    AGREEMENT
13    Vs                      )
                              )
14                            )
                              )
15   Scott Kernan, Warden     )
                 Respondent   )
16   _____/

17

18            I Robert Rameses, hereafter Petitioner; Motion this

19   in the above styled case to Renew Motion of Specific Performance

20   of petitioner's Breached Plea agreement. On March 23, 1988

21   petitioner entered into an agreement with the United States

22   Government and The State of Florida, this plea agreement

23   contained special considerations, Section 18 Titled <u>Breach</u>

24   <u>Of Agreement</u> "the defendant <u>at his option( pro-se or not) have</u>

25   <u>the right</u> to declare this plea agreement null and void or to

26   be sentenced in accordance with provisions of sections 1 through

27   7 and 13 through 15 and 17 by means of specific performance

28   of this plea agreement.

1    See United States V Olesen, 920 F2d 538, 540 (8th Cir

2   1990). Petitioner has met the terms of the agreedupon bargain,

3   and paid in a coin the State cannot refund. That leaves specific

4   performance as the only viable remedy See United States ex

5   rel Baker V finkbeiner, 551, F2d 180, 184 (7th cir 1977) citing

6   Santobello V New York 404 US 257 262. "Since he already performed

7   his side of the bargain, fundamental fairness demands adherence

8   as well. Petitioner raised this claim in the original petition.

9   Court Appointed Counsel omitted(above petitioner's objections)

10   this guaranteed right contained in the plea agreement. Petitioner

11   has tried on numerous occasions to order, convince, reason

12   or compel court appointed counsel as well as this court of

13   petitioner's right to specific performance. Petitioner again

14   Renews his Motion.

19   1/27/2008
     / DATE

21                                    Respectfully Submitted

24   Robert Rameses #P99863
25   Mule Creek State Prison
     C-15-226 P.O. Box 409000
26   Ione CA 95640-9000

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

Robert Rameses
_____
Plaintiff or Petitioner

v.

Scott Kernan Warden
_____
Defendant or Respondent

Case Number
CIV S-04-1173 GEB GGH P

_____ /

I hereby certify that on __January 29__ , 20 _08_ I served a copy

of the attached  __Motion to Renew specific Performance of Breached Plea__
__Agreement__,
by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope

in the United States Mail at _Mule Creek State Prison P.O. Box 409000 Ione CA_
__95640-9000__

(List Name and Address of Each
Defendant or Attorney Served)

Clerk, U.S. District Court        Deputy Attorney Gen Mathew
Eastern District of California    Chan 1300 I Street Suite
Sacramento Division 501 I Street  125 P.O. Box 944255
Room 4-400 Sacramento, CA 95814   Sacramento CA 94244-2550
Judge Hollows
                David Porter
    Office of the Federal Defender  95814-2510
    Eastern District of California
    801 I Street 3rd floor Sacramento California
I declare under penalty of perjury that the foregoing is true and correct.

_____
(Name of Person Completing Service)

ROBERT RAMESES
P-99863  B-9-148L
M.C.S.P.
P.O. Box 409040
Ione, CA 95640-9000
In Pro Se

QUIN DENVER #49374
Federal Defender
DAVID PORTER, BAR #127024
Assistant Federal Defender
801 I Street, 3rd Floor
Sacramento, CA 95814
Telephone: (916) 498-5700



Re: ROBERT RAMESES v. GARY LACY, et al.,
    USDC Case No. CIV-S-04-1173 GEB GGH P

Dear Mr. Porter,

    Pursuant to our March 15, 2006, phone conversation, I am
responding as follows:

    On November 28, 2005, I received a copy of the "Memorandum of
Points and Authorities In Support of Amended Petition for Writ of
Habeas Corpus". After reading the amended petition, I noticed
that there was no answer to the argument I presented in my pro se
petition to the District Court. My question, therefore, to you
Mr. Porter, is why my SPECIFIC PERFORMANCE argument was omitted?
Now, I agree totally with the issues you raised in the amended
petition, however, I believe my "specific performance" issues
should have been raised as well. You see, I want to know (and
think it's crucial to address), if my acceptance of the
government negotiated plea bargain, creates an enforceable
constitutional right to have my plea agreement specifically
enforced?

    After all, no one is contesting the following facts: (1) that
a enforceable plea bargain exists; (2) that I fulfilled my
obligations of the plea agreement; (3) that had there been no

inducement for me to plea guilty the present scenario would not exist; (4) had I gone to trial in Florida and lost, I would not be in the present situation; (5) had I gone to trial in Florida and won, I would not be in this situation.

We know that California made derivative use of my crimes from Florida to convict me under the 3-Strikes law. What I want to know, is whether the government is responsible for allowing this to happen? It is well established law, that when the government breaks its bargain, it undercuts the very basis of the constitutional rights waiver implicit in the plea agreement. Also, where the prosecutor or the government has broken the plea agreement, it is appropriate for me to seek the enforcement of that agreement, i.e., specific performance.

As I expressed to you in our phone conversation, and I'm again expressing to you now, the "specific performance" issue must be preserved!

The government encouraged the negotiation of this plea; Therefore, the question is, does the district court accept as constitutionally legitimate, the fact that the government (whose interest at the plea bargaining table was to persuade me to not enter a plea of not guilty and to forego my rights), can then turn around and allow a third party persuasive entity, to apply future consequences based on facts and information that were explicitly covered in the plea bargain.

> THE BROADEST TYPE OF USE AND DERIVATIVE USE
> IMMUNITY FOR CRIMES COMMITTED BEFORE THE
> SIGNING OF THE AGREEMENT.

The Due Process Clause is not a code of ethics for prosecutors,

it concerns the manner in which persons are deprived of their liberty. As Gary Lacy said: "We shall succeed where Florida failed." Florida succeeded in negotiating a plea of guilty. A "plea of guilty" is more than a confession which admits the accused did various acts. It is itself a conviction. In my case it was a conviction induced under the promise of immunity. Immunity that was later violated when facts and information covered by the immunity was used to convict and sentence me under the 3-Strikes law for one count of PC §476(a), involving non-sufficient funds checks. This not only incredible "in and of itself", it cast doubt on whether the government's word/promise can be relied upon.

Therefore, with all due respect, I'd just like to emphasize, that I want you to please, expand, augment, enlarge, amend, supplement, notice, GOOGLE or whatever you have to do, in order to address and preserve the specific performance issue in this federal habeas litigation.

I, Robert Rameses, am now entering a "FORMAL OBJECTION" based on the facts presented in this letter, and based on the omissions from the original federal habeas petition.

If the "specific performance" issue has "not" been omitted, and is preserved and can in fact be addressed on traverse, please disregard this objection.

Dated: _____ , 2006

_____
Robert Rameses, P-99863
In Pro Se

cc: Honorable Judge Gregory G. Hollows

3

ROBERT RAMESES
P99863 C-15 226 M.C.S.P.
P.O. Box 409040 Ione CA
95640-9000


Quin Denver # 49374
Federal Defender
David Porter Bar 127024
Assistant Federal Defender
801 I Street,3rd floor
Sacramento, CA 95814
Telephone; (916) 498-5700


    Re:Robert Rameses V Gary Lacey et al
    USDC Case No: CIV-S-04-1173 GEB GGHP


Dear Mr. Porter,

    I am happy to report that my research has determined that

the constitutional principle that the prosecution must establish

guilt (convictions) by evidence independently and freely secured,

and may not by coercion prove it's charge against an accused

out of his own mouth. This also reaches evidence of guilt

(convictions) induced from a person under governmental promise

of immunity, and such evidence must be excluded under the self-

incriminaton clause of the fifth Amendment.

    Shotwell M.F.G. Co V United States, 371 US 341 9 Led 2d

357, 83 SCT 448. Not only is this still good law it's United

States Supreme Court Law (1963) I am sure you already know

this. I can't let go of the fact that the Government continues

to attempt to change the facts about my pleA FROM Florida.

The third Appellate District P.J. Scotland in his answer to

Petition for Writ of Habeas Corpus changed the facts of my

plea. Implying to the court that I plead guilty to four counts

of second degree murder for leniency of 22 years and dismissal

of three murder counts, Then agreed to testify under the grant

of immunity about the cult and my involvement.(P.J. Scotland
June 3, 2003 Court of Appeal Third District Pg 5). The fact
of the offer of immunity for crimes (convictions) commited
before the signing of the agreement is the most important reasons
that I agreed to plead guilty.

"In 1988, Mr Rameses faced charges of first degree murder
and other offenses in four separate cases in Florida". He entered
into a plea agreement to dispose of all those crimes whereby
he was to pled guilty to four counts of second degree murder
with the understanding that he would be sentenced to no more
than 22 years in prison."(Here comes the switch)"Pursuant to
the terms of Rameses's written plea agreement, Rameses was
to provide testimony about his knowledge of the criminal
activities engaged in by Y.B.Y. and members or followers of
the Yahweh sect and his own involvement in the homicides charged
against him, for his testimony he was given use and derivative
use immunity" Mathew Chan Deputy Attorney General pg 26 lines
11-18 Answer to petition for Writ of Habeas Corpus.(dated January
26, 2006).

   Why? are they attempting to misrepresent the facts?
Maybe by changing the facts of the case, they can avoid the
convictions and argue such issues as non-evidentary use or
independent source, and just plain "convictions are not immunized

   In this case (yes they are) remember, immunity for crimes
before the signing of the agreement.

"It is stated that in safeguarding the petitioner agaist future federal and state prosecution for or on account of any transaction, matter, or thing concerning which he was compelled to testify, the immunity statute granted him immunity fully coextensive with the constitutional privilege.

In Katz V United States 1967 389 US 347, 19 Led 2d 576, 88 SCT 507,

"It was recognized that an immunity statute could supplant the fifth amendment privilege against self-incrimination if it afforded adequate protection from future prosecution or conviction.

I was compelled to stand as a witness against myself with the promise that nothing would be used against me in the future. They cant make derivative use of the convictions.

In Conclusion

The government has no independent source. Everything derived from me and my big mouth. The Miami Herald, The internet, The convictions, The facts, The circumstances of everything about what happened, What the A.G. and the Judges Wrote, The other witnesses, ALL derived from me. Prove Different.

The governments argument is based on an unreasonable finding of fact with regard to the evidence presented in the state court §28 USC 2254 (d)(1)-2 State findings of fact are presumed correct unless rebutted by clear and convincing evidence.

By misrepresenting the facts, and removing immunity from the guilty plea to obtain the convictions,the government is able to create confusion thereby placing the focus on the sizzle and not the steak.

We can't allow no wiggle room Mr Porter.

Yours Truely
Robert Rameses P99863 Mule Creek
State Prison Ione CA-95640-9000

Date 8/12/2007

```
 1  Robert Rameses P-99863
    Mule Creek State Prison
 2  P.O.Box 409040 B-8-106
    Ione CA 95640
 3
 4  Petitioner Pro-Se
 5
 6
 7              In The United States District Court
            For The Eastern District Of California
 8
 9  Robert Rameses,            )No: CIV S-11-1292 KJM GGH P
            Petitioner,        )
                               )Petitioner's Objections To
10  Vs                         )Magistrate's Findings And
                               )Recommendations
11                             )
                               )
12  United States District Court  )
    Eastern district Of California )
13  etal;     Respondents,      _____/
```

<hr>

To: The Presiding Judge And Judges For The United States District Court For The Eastern District Of California:

Robert Rameses (hereafter, Petitioner) a state prisoner proceeding pro-se, properly filed a motion for Extraordinary Remedy Of Specific Performance As Part Of Plea Agreement, The case was reassigned to the undersigned pursuant to Local Rule 190(d), Petitioner "Objects"

Magistrate Judge Gregory Hollows and district Court Judge Garland E. Burrell shall disqualify themselves in any proceeding in which impartiality might reasonably be questioned. 28 §455.

On December 8,2010, Petitioner properly filed a "Complaint For Judicial Misconduct, in which the undersigned Magistrate Judge and District Court Judge are named as Respondent-Complaintee's, See Exhibit A,

Petitioner argues, As Respondent-Complaintee's the

(1)

1   undersigned have personal knowledge and alleged participation of
2   the disputed evidentiary facts concerning this proceeding and in
3   such capacity in the matter in controversy. Again, Petitioner
4   "Objects".

5   To Wit: The undersigned has named various Findings And
6   recommendations, **if** petitioner fails to file objections to, he
7   may be construed as waiving his right to appeal. Petitioner
8   therefore Objects to the Following: (To avoid volumes of paper as
9   exhibits, Petitioner shall refer to his U.S. District Court Civil
10  Docket Case # 204-cv-01173-GEB-GGH)(hereafter C.D.#__,).

11  Petitioner reiterates, specific performance **is** part of
12  his Immunity Induced State and Federal Plea Agreement of which
13  (by contract), he is entitled to.

14  Petitioner filed under 28 U.S.C.2254,(C.D.#1-4), claiming
15  a unconstitutional **evidentiary** use of his immunity induced prior
16  convictions for three strike purposes, Breaching his state and
17  federal immunity induced plea agreement, requesting specific
18  performance (C.D.#8). Petitioner then Objected to ommission of
19  specific performance by his court appointed attorney (C.D.#42).
20  Petitioner again Objected and asked for reconsideration (because
21  this court and the undersigned **never** adjudicated on the merits)
22  (C.D.#56). Petitioner filed Points and Authorities in Support of
23  Reconsideration) (C.D.#60) Petitioner motioned for waiver of
24  counsel and pro-se representation (C.D.#63), again, Petitioner
25  motioned to renew Specific Performance of Breached plea agreement
26  (C.D.#64). Petitioner was granted pro-se representation
27  (C.D.#67). Ordered, Docket entries #56 and 60 are revived along
28  with Docket entry #64 (specific performance) are to be construed

(2)

1 as objections, However; Docket entry 56 also included Docket
2 entry #59 reviving reconsideration of Specific Performance. No
3 answer as of this day and **still** no adjudication on the merits of
4 Specific Performance, again petitioner filed objections
5 (C.D.#68,69). Judgment was entered(C.D.#70) adopting findings and
6 recommendations without considerations of anything petitioner
7 filed while representing himself. (**Strange?**)

8    This court can plainly see from the record that the
9 properly presented claim of Specific Performance was **never** and
10 has **never** been adjudicated on the merits, infact the claim which
11 petitioner first received his original order to show cause has
12 **been avoided by the undersigned. Petitioner "Objects".**

13    The grant of immunity is considered to be a contract
14 between the government and the witness (petitioner) See U.S. V
15 Fulbright 804 F.2d 847,852 (5th Cir 1986) ("Immunity agreements
16 are in the nature of contracts  and are to be construed
17 accordingly") The contractual agreement is subjected to
18 Extraordinary Remedy of Specific Performance of the literal terms
19 of his breached plea agreement (contract)(which petitioner has
20 alleged).

21    * The Magistrate Judge claims, petitioner named an
22 inappropriate respondent under the guise of seeking specific
23 performance.

24    Petitioner "Objects" Extraordinary Remedies and Writs
25 Shall conform to and be filed in accordance with the provisions
26 of FRAP 21(a) petitioner followed the Rule. This is no guise
27 petitioner is entitled, (by contract) to specific performance it
28 is extraordinary.

1       * Magistrate Judge claims, petitioner seeks specific

2   performance of his shortened sentence long ago.

3       Petitioner "Objects", The immunity induced plea and

4   sentence was protected against future use of petitioner's fifth

5   Amendment protected prior convictions that California is now

6   breaching.

7       * The Magistrate Judge claims, The prior habeas was

8   denied and the judgment was affirmed on appeal.

9       Petitioner "Objects" What the Magistrate Judge

10  conveniently continues to avoid is That Specific Performance

11  (though properly presented) was **never** adjudicated or even

12  considered on the merits. And... Petitioner properly presented

13  Specific Performance in his Certificate of Appeailbilty

14  (hereafter C.O.A.)(See Court of Appeals Docket #

15  08-165840)(hereafter C.O.A.D#)

16      Petitioner's C.O.A. was granted and a briefing schedule

17  was ordered 28 U.S.C 2243(c) (C.O.A.D.#1&2). However; Appellate

18  Commissioner, (Peter Shaw) illegally made a dispositive ruling

19  dismissing petitioner's C.O.A. as moot. (C.O.A.#9). Yet...The

20  District Court reversed itself and granted petitioner a

21  C.O.A., circumventing the properly presented claim of Specific

22  Performance. Petitioner request the undersigned to take judicial

23  notice.

24      * The Magistrate Judge claims, petitioner filed a motion

25  for relief pursuant to Rule 60(b) which was dismissed as a

26  successive petition. Findings and Recommendations filed on

27  October 8,2010, adopted in full December 13, 2010.

28      Petitioner "Objects", Petitioner never received the

(4)

1  any Findings and Recommendations or any filing, orders, or
2  correspondence from the District court whatsoever, See
3  Exhibit___, Petitioner's legal mail log. Consequently; The
4  undersigned Magistrate Judge Gregory Hollows and district Court
5  Judge Garland E Burrell are named as conspirators in impunging
6  the integrity of the court. Which by law, should have
7  disqualified both of the accused from any pleading, orders or
8  rulings concerning petitioners causes of actions. F.R.A.P.
9  Section §455. Petitioners Rule 60(b) motion alleges that they
10 prevented petitioner from fully exhibiting his case through
11 fraud, deception and misrepresentation, causing defects in the
12 integrity of the proceedings.

13     * The Magistrate Judge claims, In the instant filing,
14 petitioner again appears to be making every effort to circumvent
15 the rule regarding a second or successive petition.

16     Petitioner "Objects", Exceptional Circumstances are the
17 principal forum to adjudicate constitutional challenges when the
18 court fails to do so. "whether intentionally or inadvertenly,
19 review under such exceptional circumstances neither frustrates
20 nor disturbs significant interest in response for concluded
21 litigation---since the issue (Specific Performance) in litigation
22 has been left unconcluded. This is one of those cases which a
23 claim was properly raised, (several times) and yet was not
24 decided by the Federal Courts.----Eventhough the Federal Courts
25 are **Obligated by Contract** to do so. As this court pointed out,
26 the Federal court's decision was not unaccompanied by an opinion
27 explaining the reasons relief has been denied; rather the court
28 provided a lengthy reasoned explanation for it's denial of

(5)

1  petitioner's habeas corpus. But... None of those reasons
2  addressed petitioner's "Specific Performance claim in any fashion
3  even indirectly. The court simply failed to decide the claim,
4  "without explanation" When it is clear the court did not reach
5  the merits of petitioner's Specific Performance claim, review is
6  thus not subject to the deferential standard that applies under
7  the A.E.D.P.A. as if the claim was adjudicated on the merits. It
8  becomes "obvious" not theoretical or speculative that
9  petitioner's Guaranteed constitutional claim of Specific
10 Performance was not adjudicated at all. Since this occurred,
11 Petitioner's motion is Extraordinary and all Extraordinary
12 Remedies or Writs are Under 28 U.S.C. §1651(a) See <u>House</u> V
13 <u>Mayo</u>,324, U.S. 42,65, S.Ct,517,89 L.Ed.739. The All Writs Act is
14 used to determine the merits of the habeas petition, as well as
15 whether the Court of Appeals has abused it's discretion. Yet...
16 To show the granting of such a writ the petition must show that
17 the writ will be in aid of the court's jurisdiction, that
18 exceptional circumstances warrant the exercise of the courts
19 discretionary powers, and that adequate relief cannot be
20 obtained in any other form. Wherefore petitioner has shown his
21 right to this writ is clear and indisputable. See <u>Hohn</u>, V <u>U.S.</u>
22 118 S.Ct 1969 at 1983,524 U.S. 236 (U.S. Neb 1998), Justice
23 Rehnquist stressed, The moveant must show his right to the writ
24 is clear and indisputable, <u>Will</u> V <u>Calvestfire Ins Co.</u>, 98 S.Ct
25 437 U.S. 655. Thus...

26      * The Magistrate Judge claims, That petitioner appears to
27 be making every effort to circumvent the rules regarding a second
28 or successive petition.

(6)

1    Petitioner "Objects", it is the Magistrate Judge who
2 continues to **construe** petitioner's motion as a habeas that is the
3 problem at hand. Petitioner's motion for Specific Performance
4 **must** be **construed as exactly what it is** A Motion for Specific
5 Performance. Petitioner has the right, (according to Government
6 contract to Specific Performance See section 18 of petitioner's
7 plea agreement, that the Government is bound to fulfill. As in
8 this case, "when the Government provides **specifications** "
9 directing " how a contract is to be performed, The government
10 warrants and guarantees it will be able to perform the contract
11 to specifications. It is also quite logical and ethical to infer
12 from the circumstances of the party providing the specifications
13 for performance that that party warrants the obligations and the
14 capability of performance. Similar principles control this
15 litigation, The state and federal obligation is not only a matter
16 of contract, but also a matter of law and the protective
17 mechanisum chosen by Congressional Law "shall not " be
18 circumvented. The Federal Government has a contractual obligation
19 to litigate Specific Performance, as a condition of the contract.
20 Therefore; petitioner's reasoning is clear. A motion for Specific
21 Performance, pursuant to a contract is proper--"because" a valid
22 contract exist.

23    The Governments effort, or the effort to avoid it's
24 obligations of Specific Performance, would be unreasonable by the
25 U.S. Government. because it's performance rest on it's honor and
26 good faith and cannot be wantonly evaded by any law. Impairing
27 the obligation of contracts are held void and powerless to effect
28 their enjoyment.

1   Petitioner's right to enforce his contract after the
2   contract relation has been established, including breach of the
3   terms of the contract, based on race, as is enjoyed by white
4   citizens "embraces protection of a legal process, and of a right
5   to legal process, that will address and resolve contract-law
6   claims without regard to race. In essence this court's impairing
7   it's obligation of it's contract violates petitioner's Due
8   Process Clause and Powers of Congress is subject to the Fifth
9   amendment. Fifth Amendment prevents legislature and other
10  government actors from depriving persons of Due Process, The
11  prohibitions on Bills of Attainder in Art I,§§ 9-10, prohibit
12  singling out disfavored persons and meting out punishment for
13  past conduct, See <u>United States</u> V <u>Brown</u>,381 U.S. 437, 456-462 85
14  S.Ct 1707,1719-1722 (1965).

15  The government in no way excuses itself from it's
16  obligations by **construing** a literal part of it's contract to
17  attemp to use to AEDPA under a writ of habeas corpus to secure a
18  windfall from it's obligations, and...Use of this tactic of the
19  writ or it's process does not allow the Government to circumvent
20  it's obligations under the agreement. Also as a general Rule,
21  Federal Courts may not use their supervisory power to circumvent
22  their obligations

23  * The Magistrate Judge claims, this court is unable to
24  consider the successive petition without authorization.

25  Petitioner "Objects" Petitioner's Motion for Specific
26  Performance is not a Habeas Corpus petition, Pleas **do** **not**
27  construe this any other way than......

28  Petitioner is an aggrieved party in a Breach of contract

1   the equitable remedy is Specific Performance and the properly

2   named respondents <u>must</u> complete performance of the obligations

3   under contract. The United States Government properly and

4   appropriately named must fulfill it's obligations.

5       However; for the sake of the record and the Magistrate

6   judges **misconstruing** Petitioner "Objects", Petitioner is entitled

7   to an adjudication on the merits of all the claims presented in

8   his earlier, undoubtedly reviewable application(Specific

9   performance was never adjudicated) thus this cannot be construed

10   a second or successive petition. See <u>Stewart</u> V <u>Martinex-Villareal</u>

11   523 U.S. 637.118 S.Ct (1998) "The bar of second or successive

12   petitions only apply to situations in which the claims actually

13   were adjudicated and denied on the merits in a previous Federal

14   Habeas. See <u>Sanders</u> V <u>U.S.</u>, 373 U.S. 83, S.Ct, Congress

15   codifying <u>Sanders</u> (supra) identified successive petitions to

16   situations in which relief was denied "after an evidentiary

17   hearing (on the Merits) of a material factual issue or after a

18   hearing on the merits of an issue of law. (Never happened).

19       Specific Performance never adjudicated See <u>Sanders</u>

20   (supra) 373 U.S. at 16-17.

21       Petitioner reminds this court, To dismiss and close this

22   Motion (not habeas) for Specific performance is a valid Breach of

23   Petitioner's Plea Agreement which was induced "not only by the

24   promise of immunity," but also by Specific performance as an

25   Obligation. This breach would render petitioner's plea agreement

26   Null and Void.

27       To wit: Petitioner's prior convictions must be vacated,

28   the only charge remaining in California is one count of Penal

(9)

1   Code 476(a), which petitioner would have time served. Petitioner

2   would have to be released from California prison under the Three

3   Strikes law (no Strikes) and remanded to Florida for further

4   proceedings.

**Prayer For Relief**

6        Wherefore petitioner prays, Magistrate Judge Gregory

7   Hollows, and District Court Judge Garland E. Burrell, named in

8   petitioner's Rule 60(b) motion under Fraud and misrepresentation

9   and Petitioner's Complaint for Judicial Misconduct be removed

10  from and disqualified from these proceedings, and all further and

11  past proceedings involving petitioner. and that the decisions and

12  construments herein rendered as moot. See United States V

13  Throckmorton, 98 U.S. 61, 25 L.Ed. 93 (1878).

14  and......Petitioner's Motion for Specific Performance be **contrued**

15  as a Motion For specific Performance be granted and an

16  evidentiary hearing be granted to determine the Literal Terms of

17  Petitioner's Plea Agreement. Remember, Specific Performance is a

18  guaranteed stipulation and condition of petitioner's plea

19  agreement which the government is a party to.

20

21

22  ~~DATE~~                           Respectfully Submitted

23

24

25                                    Robert Rameses P-99863

26                                    Petitioner Pro-Se

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

Robert Rameses

v.

Case Number: CIV S-11-1292 KJM GGH P

United States District Court
Eastern District of California et al

**PROOF OF SERVICE**

**BY MAIL**

I hereby certify that on    August 19, 2011    , I served a copy

of the attached    Petitioner's Objections to Magistrate's Findings    ,
                            and Recommendations

by placing a copy in a postage paid envelope addressed to the person(s) hereinafter listed, by

depositing said envelope in the United States Mail at    Mule Creek State Prison    :

P.O. Box 409040
Ione, CA 95640

United States Courts
Office of the Clerk
United States District Court
Eastern District of California
501 I St., STE 4-200
Sacramento, CA 95814-2322

I declare under penalty of perjury that the foregoing is true and correct.

Robert Rameses

# APPENDIX _____

Robert Rameses P-99863
Mule Creek State Prison
P.O.Box 409040 B-10-148
Ione CA 95640

**R E C E I V E D**
MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

DEC 0 8 2010

FILED_____
DOCKETED_____
                DATE        INITIAL

Petitioner Pro-Se

United States Court Of Appeals
For The Ninth Circuit

| | |
|---|---|
| Robert Rameses<br>   Petitioner-Complaintant<br><br>V<br><br>Scott Kernan, Warden,District Court<br>Magistrate Judge Gregory Hollows,<br>District Court Judge Garland E Burrell,<br>Clerks Of The Eastern District Court,<br>Ninth Circuit Court Of Appeals Appellate<br>Commissioner, Peter Shaw, Clerk Of The<br>Court For The Ninth Circuit,et; al;,<br>   Respondents-Complaintee's | ) Case No: 08-16584<br>) D.C. No: 204-cv-01173-<br>) GEB-GGH<br>) Eastern District Of CA<br>) Sacramento<br>)<br>) Complaint For Judicial<br>) Discipline Or Misconduct<br>)        Under<br>) 28 U.S.C.A. §351(a)&(B)<br>)<br>)<br>)<br>) |

To: The Clerk Of The United States Court Of Appeals For The Ninth
Presented To The Honorable Chief Judge Alex Kozinski; Pasadena
California Office.

Robert Rameses (hereafter, Petitioner) hereby, formally
file a Complaint For Judicial Discipline or Misconduct Under 28
U.S.C.A. §351(a)&(B) in the above styled cause.

Petitioner-Complaintant, alleges (with evidence), that
the Respondents-Complaintees named herein, but not limited to
those named, have engaged in conduct prejudicial to the effective
and expeditious administration of the business of the courts.

The actions contained constitute prejudicial conduct that
brings the judicial office into dispute, impunging the integrity
of the court, creating disrespect for the courts of justice and
it's judicial officers.

(1)

## <u>Brief Statement Of Facts</u>

Following an 8/23/2010 denial of petitioner's Writ of Mandamus, commanding entitlement to adjudication on the merits of all claims presented in petitioner's earlier reviewable application, Petitioner timely and properly filed on, 9/6/2010, A Motion to the Eastern District Court Under Fed Rules Of Civ Procedure Rule 60(b) proving Fraud and Misrepresentation in Case No: 08-16584, D.C. No: 204-cv-01173-GEB-GGH. Copy enclosed, Exhibit __A__ .

On 9/20/2010, Petitioner contacted The U.S. District Court, Eastern District and was told by the Clerk,"No Filing has ever been received".

On 9/21/2010, Petitioner refiled his Rule 60(b) motion with the U.S. District Court, Eastern District.

On 9/29/2010, Petitioner sent a letter to each of the circuit judges that ruled on petitioner's case, Informing them that they have been made (unknowingly) victims and participants in a conspiracy in furtherance of a scheme to commit Fraud and Misrepresentation submitted February 9, 2010. Copy of evidence was enclosed. See letter, Exhibit __B__ .

Petitioner again contacted the U.S. District Court Eastern District, and again was told "No Filing has ever been received."

On 10/6/2010, Petitioner filed his Rule 60(b) motion again with the U.S. District Court Eastern District, Fresno Office. See Prison Legal Mail Log Exhibit __C__ .

Note... Mail Box Rule *

However.....

On 10/18/2010, Petitioner received an order from The United States Court of Appeals For The Ninth Circuit. "Ordering"

Appellant"s motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b) is contrued as a motion for reconsideration, and is Denied (See 9th Cir. R. 27-10.

## Procedural Defects

(1)Petitioner <u>never</u> filed in the Ninth Circuit or requested a COA as procedure demands.

(2)Petitioner <u>never</u> paid a filing fee in this case or requested informa pauperis in the Ninth Circuit, Neither was petitioner granted in forma pauperis in the District Court, remember..."No filing has ever been received"

(3) 9th Cir. R. 27-10 does not apply as to timelyness or the standards of Rule 60(b) Relief from Fraudulent Judgment.

(4)The District Court <u>never</u> issued a transfer order divesting jurisdiction, "No filing has been received".

(5)The District Court <u>never</u> made a meritorious judgment, the motion is reviewable only after, and in conjunction with a review of a denial of petitioner's motion.

(6)Post trial motions filed with the District court divest the appellate court of the jurisdiction it once had.

(7)A timely motion for reconsideration and rehearing was filed in this case by his then attorney. See Docket # 43 3/4/2010.

(8)The Circuit judges listed in the Order were <u>not</u> the judges on the panel for this Calendar.

(3)

<u>Disingenuous and Misleading</u>

This complaint, is but a Tip of an Iceberg of a much greater tendency to obstruct petitioner from attainment of personal justice, such as to constitute a serious obstruction of the proper conduct of the trial.

<u>Evidence Of Misconduct</u>

Please read Motion Under Fed.R. 60(b) Enclosed

Misconduct By....

Magistrate judge Gregory Hollows.. Pg..4,5,6

District Court judge Garland E. Burrell..PG..6,7,8..

Ninth Circuit Appellate Commissioner Peter Shaw.Pg 8,9,10,11,12,13....

*Petitioner called and spoke to the Clerks of the judges that he sent the letters to and was informed,

"Any correspondence from Mr Rameses is to be sent to the Ninth circuit court of Appeals for Sanfrancisco Office'

### Conclusion

The actions and the attempted coverup (presented herein detailed in petitioner's 60(b) motion) touches the vitals of the judicial process, again creating disrespect for the courts of justice and judicial officers.

These actions can only be <u>construed</u> as a plan and scheme designed to prevent petitioner from ever receiving adjudication on the merits of his claims presented and granted in <u>His</u> COA or <u>His</u> original habeas petition.

(4)

## Prayer For Relief

Petitioner-Complaintant prays, The Chief Circuit judge to request a special committee to investigate these complaints to prevent the recurrence of deceit and usurpation of power by the Appellate Commissioner, Clerks and those guilty of a persistent disregard of the Law and Federal Rules.

## Reiterating

Petitioner is not challenging the judgment on the merits of his habeas petition....But rather the judgments perventing review of those merits.

11/18/2010

DATE

Respectfully Submitted

Robert Rameses P-99863
Mule Creek State Prison
P.O. Box 409040 B-10-148
   Ione California 95640

Petitioner Pro-Se

(5)

# DECLARATION OF SERVICE BY MAIL

CASE NAME: Rameses V Kernan    CASE NO. 08-16584 D.C. 204-cv-01173

I, _____, am a resident of the state of California Mule Creek State Prison ( M. C. S. P.) at one, County of Amador, California, and am at least 18 years of age, and am party to the within action. My mailing address is P.O. Box 409000, Ione, California 95640-9000.

On __11/8/2010__ I served a true and correct copy of the following document(s):
Complaint For Judicial Discipline or Misconduct Under 32 U.S.C.A § 351 (a)&(B) and Suplement Complaint For Judicial Misconduct on Appellate Commissiomner Peter Shaw under U.S.C.A. § 351 (a)& (B)

On each party listed below by placing it in a sealed envelope, with adequate postage or provided, and depositing said envelope in the institutional mail box or turned said envelope to custodial personnel for the United States Mail at Mule Creek State Prison, P.O. Box 409000, Ione, California 956640900. Each party to the action has been duly served.

This copy is being mailed to:
Chief Judge Alek Kozinski For United States Court Of Appeals Ninth Circuit
125 Grand Ave P.O. Box 91510
Pasadena California    91109

I have mailed additional copies to:

SAME AS ABOVE

There is regular service by the United States Mail between the above place of mailing and the parties listed.

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed this date: __11/18__, 20 10, at Ione, California.

Signed: _____, CDC No: P-99863

---

## M. C. S. P MAILROOM ACKNOWLEDGEMENT OF MAILING

DATE: _____  SIGNED: _____

# EXHIBIT

## "B"

Robert Rameses P-99863
Mule Creek State Prison
P.O. Box 409060
Ione CA. 95640
B-10-148


Attention;
Judges Of The United States Court
Of Appeals For The Ninth Circuit


Diarmuid F. O'Scannilain
Circuit Judge, Portland Oregon

Stephen S. Trott
Senior Circuit Judge, Portland Oregon

Richard A. Paez
Circuit Judge, Pasadena California:

Mary M. Schroeder
Chief Judge, Phoenix, Arizona

   In re: Rameses V Kernan, Case No: 08-16584

   Dear Your Honors,

   I Robert Rameses woefully regret to inform Your Honors,

that you have (Unknowingly) been made victims and participants

in a conspiracy in furtherance of an Unconscionable plan and

Scheme to commit Fraud and Misrepresentation in the above styled

cause. Case No: 08-16584,D.C. 204-cv-1173-GEB. Submitted February

9,2010 Sanfrancisco, CA. Evidence enclosed.

   As you will see; The presentation of this case sought

is infected with fraud,misrepresentation and bad faith. I pray

that Your Honor's, equity and Integrity will not lend to it's

enforcement. I understand, you could only base your ruling

and judgments, As the facts are presented to the parties. However

as victims of fraud, your judgments were unfairly obtained

through misconduct in withholding information and conniving

to misrepresent the facts.

   In essence, the judgments obtained by fraud, prevented

me from having a trial and fully presenting my case as well

you as judges to be truthfully and intelligently informed of
the facts.

        Enclosed are some of the evidence showing an  Unconscionable
    Plan and Scheme. Designed to Improperly influence the court.

        The procedural grounds and the integrity of these
proceedings warrant a correction of an abuse of Due Process.


You have been Duped.......




_____
 DATE




                                        Sincerely




                            _____
                            Robert Rameses P-99863
                            Mule Creek State Prison
                                P.O. Box 409060
                                 Ione CA 95640
                                  B-10-148

                              Petitioner Pro-Se

UNITED STATES COURT OF APPEALS

IN AND FOR THE NINTH CIRCUIT

)   Case No: O8-16584
)
)   PROOF OF SERVICE BY MAIL
)
)
)
)
)
)
)
)
)
)
)
)

I, the undersigned, hereby certify that I am over the age

of eighteen years and not a party to the above-entitled action.

On: Sept 28 , 20 10 , I served a copy of:

Victims and Participants I a Conspiracy

with Exhibits

by placing said copy in a postage paid envelope addressed to

the person(s) hereinafter listed, by depositing said envelope

in the United States Mail: Sandra D. O'Connor US Courthouse 401 W.
Washington St SPC 54 Phoenix AZ 85003-2156
                                    * Mary M. Schroeder

U.S. Court Of Appeals Building 125        * U.S Courthouse
S. Grand Ave P.O. Box 91510, Pasadena CA    550 W. Fort St
91109. Circuit Judge Richard Paez          Boise ID 83724-0040
                                           Senior Circuit Judge
Pioneer. U.S. Courthouse 700 S.W. 6th Ave Rm 211   Stephen S Trott
Portland Oregon 97204 Diarmuid F. O'Scannlain

I declare under penalty of perjury that the foregoing is true

and correct.

# EXHIBIT

## "C"

LOOKUP BY CDC

10/15/2010

| LASTNAM | CDCNO | MHOUS | DATE | O | FROM | TO | COMMENTS |
|---|---|---|---|---|---|---|---|
| RAMESE S | P99863 | B 10-148 | 09/07/2010 | | | USDC EAST | |
| RAMESE S | P99863 | B 10-148 | 09/21/2010 T | | | U.S. DIST CRT EASTERN SAC | |
| RAMESE S | P99863 | B 10-148 | 09/21/2010 T | | | ERIC HOLDER, ATTY GEN | |
| RAMESE S | P99863 | B 10-148 | 09/29/2010 T | | | U.S. CRT OR | |
| RAMESE S | P99863 | B 10-148 | 09/29/2010 T | | | U.S. CRT APP PASADENA | |
| RAMESE S | P99863 | B 10-148 | 09/29/2010 T | | | U.S. CRT AZ | |
| RAMESE S | P99863 | B 10-148 | 09/29/2010 T | | | U.S. CRT ID | |
| RAMESE S | P99863 | B 10-148 | 10/06/2010 T | | | USDC EAST/SAC | |
| RAMESE S | P99863 | B 10-148 | 10/06/2010 T | | | USDC EAST/FRESNO | |
| RAMESE S | P99863 | B 10-148 | 10/13/2010 T | | | ANTHONY SERRA, ATTY | |

| PAUL SUTHERLAND, Deputy District Attorney for El Dorado County | No Appearance (see above) |
| Respondent - Appellee. | |
| COUNTY OF EL DORADO SUPERIOR COURT | No Appearance (see above) |
| Respondent - Appellee. | |

ROBERT RAMESES,

      Petitioner - Appellant,

  v.

SCOTT KERNAN, Warden; GARY LACEY, District Attorney for El Dorado County; PAUL SUTHERLAND, Deputy District Attorney for El Dorado County; COUNTY OF EL DORADO SUPERIOR COURT,

      Respondents - Appellees.

| Date | No. | |
|---|---|---|
| 07/14/2008 | 1 | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL AND PROSE APLT. The schedule is set as follows: Designation of RT for Appellant Robert Rameses due 05/09/2008. Designation of RT for Appellee County of El Dorado Superior Court, Scott Kernan, Gary Lacey and Paul Sutherland due 05/19/2008. Transcript order for Appellant Robert Rameses due 05/29/2008. Certificate of record due 06/05/2008. Appellant Robert Rameses opening brief due 08/25/2008. Appellee County of El Dorado Superior Court, Appellee Scott Kernan, Appellee Gary Lacey, and Appellee Paul Sutherland answering brief due 09/24/2008. Appellant's optional reply brief is due 14 days after service of the answering brief. (GR) |
| 07/14/2008 | 2 | Filed Appellant Robert Rameses motion for certificate of appealability. Served on 07/01/2008. (MT) |
| 07/14/2008 | 4 | Filed Appellant Robert Rameses motion for appointment of counsel and withdrawl or modification of pro-se representation under circuit rule 4-1 (a) (3). Served on 07/01/2008. (MT) |
| 07/18/2008 | 3 | Filed Appellant Robert Rameses motion for clarification of time schedule order. Served on 07/01/2008. (MT) |
| 08/26/2008 | 5 | Deleted Incorrect Docket Entry (JJ) |
| 08/27/2008 | 6 | Filed order (Appellate Commissioner) The district court has not issued or declined to issue a certificate of appealability in this appeal, which appears to arise under 28 U.S.C. § 2254. Accordingly, pursuant to circuit court policy, this case is remanded to the district court for the limited purpose of granting or denying a certificate of appealability at the court's earliest convenience. See 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b); United States v. Asrar, 116 F.3d 1268, 1270 (9th Cir. 1997). (Pro Se) (CO) |

| 10/31/2008 | 7 | Filed Appellant Robert Rameses motion for production of records. Served on 10/29/2008. (MT) |
|---|---|---|
| 12/11/2008 | 8 | Received copy of District Court order filed on 12/08/2008 for certificate of appealability is issued in the present action. (MT) |
| 01/13/2009 | 9 | Filed order (Appellate Commissioner) The district court granted a certificate of appealability on December 9, 2008. The limited remand is terminated. Appellant's motion for a certificate of appealability is denied as moot. Appellant's motion for appointment of counsel in this habeas corpus appeal is granted. See 18 U.S.C. § 3006A(a)(2)(B); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983) (per curiam). Counsel will be appointed by separate order. The Clerk shall electronically serve this order on the appointing authority for the Eastern District of California, who will locate appointed counsel. The district court shall send notification of the name, address and telephone number of appointed counsel to the Clerk of this court at counselappointments@ca9.uscourts.gov within 14 days of locating counsel. If new counsel identifies uncertified issues that should be raised on appeal, counsel shall include them in the opening brief as permitted by Ninth Circuit Rule 22-1(e). Appellant's pro se motion for production of records is denied without prejudice to renewal by new counsel. The opening brief and excerpts of record are due March 9, 2009; the answering brief is due April 8, 2009; and the optional reply brief is due within 14 days after service of the answering brief. (MOATT) (DL) |
| 01/22/2009 | 10 | Filed Appellant Robert Rameses motion for particular attorney representation of appellant granted immunity. Served on 01/20/2009. (MT) |
| 01/27/2009 | 11 | Received Notice of Appearance of Arthur Pirelli, Esq., as CJA counsel of record for petitioner. (DL) |
| 02/26/2009 | 12 | Filed order (Appellate Commissioner)The court is in receipt of appellant's pro se motion for appointment of a particular counsel, filed on January 22, 2009. Because appellant is now represented by counsel Arthur Pirelli, Esq., (415) 572-7035, only counsel may file motions. In addition, appellant is not entitled to appointment of counsel of choice. See United States v. Ono, 997 F.2d 647, 651 (9th Cir. 1993). The court therefore declines to entertain the motion. The Clerk shall serve a copy of the pro se motion on appellant's counsel of record, Arthur Pirelli, Esq. The Clerk shall also serve this order on appellant individually at Reg. No. P99863, Mule Creek State Prison, P.O. Box 409000, Ione, CA 95640-9000. The briefing schedule established previously shall remain in effect.(MOATT) (KKW) |
| 02/27/2009 | 13 | Filed (ECF) Appellant Robert Rameses Motion to extend time to file Opening brief until 05/18/2009 at 11:59 pm. Date of service: 02/27/2009. [6825982] (EAP) |
| 03/04/2009 | 14 | Filed clerk order (Deputy Clerk::AMT ):Appellant's unopposed motion for a 70-day extension of time to file the opening brief is granted. The opening brief is due May 18, 2009. Appellant is reminded that the typeface of a motion must comply with the requirements of Federal Rule of Appellate Procedure 27(d)(1)(E). The answering brief is due June 17, 2009. The optional reply brief is due 14 days after service of the answering brief. Court records do not currently reflect that the district court has issued the certificate of record. Appellant shall monitor the issuance of the certificate of record. (KKW) |

ACKNOWLEDGMENT OF HEARING NOTICE form to: SAN FRANCISCO Office. Attention: The Notice of Docket Activity may not list your case number. Please open attached documents to view details about your case. [7165345] (AM)

12/17/2009    38    Received 10 copies of page 12 of the opening brief (inadvertently left out) filed by Appellant Robert Rameses. (RECORDS) [7169813] (GLS)

01/06/2010    39    Filed (ECF) Appellant Robert Rameses Correspondence: Acknowledgment Of Hearing Notice. Date of service: 01/06/2010 [7185580] (EAP)

01/25/2010    40    Filed clerk order (Deputy Clerk:KKW): The Court is of the unanimous opinion that the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. Therefore, this case is ordered submitted on the briefs and record without oral argument on Tuesday, February 9, 2010, in San Francisco, California. Fed. R. App. P. 34(a)(2). [7206693] (KKW)

02/09/2010    41    SUBMITTED ON THE BRIEFS TO DIARMUID F. O'SCANNLAIN, STEPHEN S. TROTT and RICHARD A. PAEZ [7225384] (AN)

02/18/2010    42    FILED MEMORANDUM DISPOSITION (DIARMUID F. O'SCANNLAIN, STEPHEN S. TROTT and RICHARD A. PAEZ) AFFIRMED. FILED AND ENTERED JUDGMENT. [7235524] (DD)

03/04/2010    43    Filed (ECF) Appellant Robert Rameses petition for panel rehearing and petition for rehearing en banc (from 02/18/2010 memorandum). Date of service: 03/04/2010. [7253783] (EAP)

03/08/2010    44    Copy of letter received from appellant Robert Rameses to his counsel re: PFR/ PFREB. [7257508] (LC)

03/30/2010    45    Received Appellant Robert Rameses' prose petition for panel rehearing and petition for rehearing en banc. Number of pages: 14. Deficient: appellant has CJA counsel; PFR/ PFREB filed by counsel 3/4/10. Served on 03/29/2010. Panel should advise Orders clerk if or when to circulate PFR/ PFREB (PANEL) [7283947] (LC)

04/16/2010    46    Filed order (DIARMUID F. O'SCANNLAIN, STEPHEN S. TROTT and RICHARD A. PAEZ) Robert Rameses and his counsel have each independently filed a petition for rehearing and a petition for rehearing en banc with this court. On March 5, 2010, Rameses's counsel filed a petition for rehearing and petition for rehearing en banc. The panel unanimously voted to deny this petition for rehearing. Judges O'Scannlain and Paez voted to deny this petition for rehearing en banc, and Judge Trott so recommended. The full court has been advised of this petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R. App. P. 35. On March 30, 2010, Rameses filed a pro se petition for rehearing and petition for rehearing en banc. We decline to consider the pro se–filed petitions because they were filed while Rameses was represented by counsel. See United States v. Bergman, 813 F.2d 1027, 1030 (9th Cir. 1987) ("A criminal defendant does not have an absolute right to both self-representation and the assistance of counsel."). The counsel-filed petition for rehearing and petition for rehearing en banc are DENIED. [7304403] (KKW)

04/26/2010    47    MANDATE ISSUED.(DFO, SST and RAP) [7313818] (LC)

04/28/2010    48    Received Appellant Robert Rameses pro se motion to proceed ifp; served on

08-16584

| | | |
|---|---|---|
| | | 04/26/2010. deficiency: mandate issued 4/26/10 [7317705] (LC) |
| 05/10/2010 | 49 | Filed order (DIARMUID F. O'SCANNLAIN, STEPHEN S. TROTT and RICHARD A. PAEZ) Appellant's Motion for Leave to Proceed Pro Se, filed with this court on April 28, 2010, is GRANTED. [7330873] (KKW) |
| 05/10/2010 | 50 | Terminated E. Arthur Pirelli for Robert Rameses in 08-16584 [7330878] (KKW) |

No. _____ _____

_____

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

_____

ROBERT RAMESES          — PETITIONER

VS.

SCOTT KERNAN,WARDEN,et  — RESPONDENT(S)

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The petitioner asks leave to file the attached petition without prepayment of costs and to proceed *in forma pauperis.*

[X] Petitioner has previously been granted leave to proceed *in forma pauperis* in the following court(s):

United States District Court For The Eastern District

Case No; 204-cv-01173-GEB & United States Court Of Appeals Ninth Circuit
Case No; 08-16584
[ ] Petitioner has not previously been granted leave to proceed *in forma pauperis* in any other court.

Petitioner's affidavit or declaration in support of this motion is attached hereto.

_____
(Signature)

Form 4.   Affidavit Accompanying Motion for Permission to Appeal In Forma
          Pauperis

<u>United States  COURT OF APPEALS FOR THE NINTH CIRCUIT</u>

ROBERT RAMESES

    v.                                  Case No. O8-16584

SCOTT KERNAN,WARDEN et,al./

| Affidavit in Support of Motion | Instructions |
|---|---|
| I swear or affirm under penalty of perjury that, because of my poverty, I cannot prepay the docket fees of my appeal or post a bond for them. I believe I am entitled to redress. I swear or affirm under penalty of perjury under United States laws that my answers on this form are true and correct. (28 U.S.C. § 1746; 18 U.S.C § 1621.) | Complete all questions in this application and then sign it. Do not leave any blanks: if the answer to a question is "0," "none," or "not applicable (N/A)," write in that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case's docket number, and the question number. |
| Signed: _____ | Date: 11/18/2010 |

My issues on appeal are:
(a)   For both you and your spouse estimate the average amount of money received
      from each of the following sources during the past 12 months. Adjust any amount
      that was received weekly, biweekly, quarterly, semiannually, or annually to show
      the monthly rate. Use gross amounts, that is, amounts before any deductions for
      taxes or otherwise.

| Income source | Average monthly amount during the past 12 months | | Amount expected next month | |
|---|---|---|---|---|
| | You | Spouse | You | Spouse |
| Employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Self-employment | $ 0 | $ N/A | $ 0 | $ N/A |
| Income from real property (such as rental income) | $ 0 | $ N/A | $ 0 | $ N/A |
| Interest and dividends | $ 0 | $ N/A | $ 0 | $ N/A |
| Gifts | $ 0 | $ N/A | $ 0 | $ N/A |

- 180 -

| | | | | |
|---|---|---|---|---|
| Alimony | $ 0 | $ 0 | $ 0 | $ 0 |
| Child support | $ 0 | $ 0 | $ 0 | $ 0 |
| Retirement (such as social security, pensions, annuities, insurance) | $ 0 | $ 0 | $ 0 | $ 0 |
| Disability (such as social security, insurance payments) | $ 0 | $ 0 | $ 0 | $ 0 |
| Unemploy-ment pymts. | $ 0 | $ 0 | $ 0 | $ 0 |
| Public-assistance (such as welfare) | $ 0 | $ 0 | $ 0 | $ 0 |
| Other (specify):____ | $ 0 | $ 0 | $ 0 | $ 0 |
| **Total monthly income:** | $ 0 | $ 0 | $ 0 | $ 0 |

2. *List your employment history, most recent employer first. (Gross monthly pay is before taxes or other deductions.)*

| Employer | Address | Dates of employment | Gross monthly pay |
|---|---|---|---|
| CDCR | MULE CREEK STATE PRISON | 2001-2010 | 0 |
| | | | |
| | | | |

- 181 -

| Person owing you or your spouse money | Amount owed to you | Amount owed to your spouse |
|---|---|---|
| none | none | none |
| | | |
| | | |

7.   State the persons who rely on you or your spouse for support.

| Name | Relationship | Age |
|---|---|---|
| N/A | N/A | N/A |
| | | |
| | | |

8.   Estimate the average monthly expenses of you and your family. Show separately the amounts paid by your spouse. Adjust any payments that are made weekly, biweekly, quarterly, semiannually, or annually to show the monthly rate.

| | You | Your Spouse |
|---|---|---|
| Rent or home-mortgage payment (include lot rented for mobile home) | $ 0 | $ N/A |
| Are real-estate taxes included? ☐ Yes ☐ No   N/A | | |
| Is property insurance included? ☐ Yes ☐ No | | |
| Utilities (electricity, heating fuel, water, sewer, and Telephone) | $ 0 | $ N/A |
| Home maintenance (repairs and upkeep) | $ 0 | $ N/A |
| Food | $ 0 | $ N/A |
| Clothing | $ 0 | $ N/A |
| Laundry and dry-cleaning | $ 0 | $ N/A |
| Medical and dental expenses | $ 0 | $ N/A |
| Transportation (not including motor vehicle payments) | $ 0 | $ N/A |
| Recreation, entertainment, newspapers, magazines, etc. | $ 0 | $ N/A |
| Insurance (not deducted from wages or included in Mortgage payments) | $ 0 | $ N/A |
| Homeowner's or renter's | $ 0 | $ N/A |
| Life | $ 0 | $ N/A |
| Health | $ 0 | $ N/A |
| Motor Vehicle | | |

11. *Have you paid — or will you be paying — anyone other than an attorney (such as a paralegal or a typist) any money for services in connection with this case, including the completion of this form?*

☐ Yes          ☒ No

If yes, how much? $_____

If yes, state the person's name, address, and telephone number:

_____

_____

_____

12. *Provide any other information that will help explain why you cannot pay the docket fees for your appeal.*  I am an incarcerated pro-se litigant at Mule Creek State Prison Ione CA P.O. Box 409060 95640. I have been disenfranchised by the state of California.

13. *State the address of your legal residence.*

Mule Creek State Prison P.O Box 409060 Ione CA 95640

B-10-119L

Your daytime phone number: (____) _____

Your age: ___55___        Your years of schooling: ___17_____

Your social-security number: ___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_____

- 185 -

**FILED**

UNITED STATES COURT OF APPEALS

OCT 18 2010

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ROBERT RAMESES, <br><br> Petitioner - Appellant, <br><br> v. <br><br> SCOTT KERNAN, Warden; GARY LACEY, District Attorney for El Dorado County; PAUL SUTHERLAND, Deputy District Attorney for El Dorado County; COUNTY OF EL DORADO SUPERIOR COURT, <br><br> Respondents - Appellees. | No. 08-16584 <br><br> D.C. No. 2:04-cv-01173-GEB-GGH <br> Eastern District of California, Sacramento <br><br><br> ORDER |

Before: O'SCANNLAIN, TROTT and PAEZ, Circuit Judges.

Appellant's Motion for Relief from Judgment Under Federal Rule of Civil

Procedure Rule 60(b) is construed as a motion for reconsideration, and is DENIED.

*See* 9th Cir. R. 27-10.  No further filings shall be made in this closed case.

# APPENDIX _____

LOOKUP BY CDC                                    8/17/2011

| LASTNAM | CDCNO | Y | HOUS | DATE | O | FROM | TO | COMMENTS | S |
|---|---|---|---|---|---|---|---|---|---|
| RAMESES | P99863 | B | 10-110 | 01/18/2011 | T | | SPRM CRT WASHDC | | |
| RAMESES | P99863 | B | 10-110 | 01/20/2011 | F | WILLIAM YANKEY, ATTY | | | |
| RAMESES | P99863 | B | 10-110 | 01/31/2011 | F | CRT APP NINTH SF | | | |
| RAMESES | P99863 | B | 10-110 | 02/01/2011 | T | | U.S. CRT CRT SF | | |
| RAMESES | P99863 | B | 10-110 | 02/03/2011 | F | SPRM CRT WASHDC | | | |
| RAMESES | P99863 | B | 10-110 | 02/07/2011 | T | | CRT APPLS, SF | | |
| RAMESES | P99863 | B | 10-110 | 02/07/2011 | T | | DIST CRT, SF | | |
| RAMESES | P99863 | B | 10-110 | 02/09/2011 | T | | CA ATTY GEN | | |
| RAMESES | P99863 | B | 8-109 | 02/11/2011 | F | U.S. CRT APP NINTH SF | | | |
| RAMESES | P99863 | B | 8-109 | 02/15/2011 | T | | U.S. DIST CRT | | |
| RAMESES | P99863 | B | 8-109 | 02/16/2011 | F | FAVORS, SAC | | 701027800001 47937763 | |
| RAMESES | P99863 | B | 8-109 | 02/17/2011 | F | CRT APP NINTH SF | | | |
| RAMESES | P99863 | B | 8-109 | 02/22/2011 | F | U.S. CRT APP NINTH SF | | | |
| RAMESES | P99863 | B | 8-109 | 03/04/2011 | T | | U.S. CRT APP NINTH | | |
| RAMESES | P99863 | B | 8-109 | 03/17/2011 | T | | U.S. SPRM CRT | | |
| RAMESES | P99863 | B | 8-109 | 04/01/2011 | F | SUPR CRT, WSHTN | | | |
| RAMESES | P99863 | B | 8-109 | 04/08/2011 | T | | SPRM CRT WASHDC | | |
| RAMESES | P99863 | B | 8-109 | 04/22/2011 | F | U.S. CRT APP NINTH SF | | | |
| RAMESES | P99863 | B | 8-109 | 05/12/2011 | T | | KAMALA HARRIS, | | |
| RAMESES | P99863 | B | 8-109 | 05/12/2011 | T | | U.S. DIST CRT | | |
| RAMESES | P99863 | B | 8-109 | 05/13/2011 | T | | ATTY R. SCRUGGS, | | |
| RAMESES | P99863 | B | 8-109 | 05/16/2011 | T | | STATE ATTY, FL | | |
| RAMESES | P99863 | B | 8-109 | 05/16/2011 | F | U.S. DIST CRT EASTERN SAC | | | |
| RAMESES | P99863 | B | 8-109 | 05/19/2011 | F | SPRM CRT WASHDC | | | |
| RAMESES | P99863 | B | 8-109 | 05/19/2011 | F | U.S. DIST CRT EASTERN SAC | | | |

2010                                                                 8/17/2011

| LASTNAME | CDCNO | YAR | HOUSIN | DATE | ORI | FROM | TO | COMI |
|----------|-------|-----|--------|------|-----|------|-----|------|
| RAMESES | P99863 | B | 10-148 | 10/06/2010 | T | | USDC EAST/SAC | |
| RAMESES | P99863 | B | 10-148 | 10/06/2010 | T | | USDC EAST/FRESNO | |
| RAMESES | P99863 | B | 10-148 | 10/13/2010 | T | | ANTHONY SERRA, ATT | |
| RAMESES | P99863 | B | 10-148 | 10/18/2010 | F | ANTHONY SERR | | |
| RAMESES | P99863 | B | 10-148 | 10/19/2010 | F | U.S. CRT APP NI | | |
| RAMESES | P99863 | B | 10-148 | 10/20/2010 | T | | TONY SERRA, ATTY SF | |
| RAMESES | P99863 | B | 10-148 | 10/25/2010 | F | ANTHONY SERR | | ANK |
| RAMESES | P99863 | B | 10-148 | 10/25/2010 | F | PIER 5 LAW SF | | |
| RAMESES | P99863 | B | 10-148 | 11/09/2010 | F | JAVERBAUM & | | |
| RAMESES | P99863 | B | 10-148 | 11/19/2010 | T | | U.S. CRT APP PASADEN | |
| RAMESES | P99863 | B | 10-148 | 11/19/2010 | T | | U.S. CRT APP NINTH PA | |
| RAMESES | P99863 | B | 10-124 | 11/22/2010 | F | U.S. DOJ WASH | | |
| RAMESES | P99863 | B | 10-124 | 12/02/2010 | F | U.S. CRT APP P | | |
| RAMESES | P99863 | B | 10-124 | 12/06/2010 | F | U.S. CRT APP NI | | |
| RAMESES | P99863 | B | 10-124 | 12/07/2010 | T | | U.S. CRT APP NINTH SF | |
| RAMESES | P99863 | B | 10-124 | 12/07/2010 | T | | U.S. CRT APP NINTH SF | |
| RAMESES | P99863 | B | 10-124 | 12/20/2010 | F | U.S. CRT APP NI | | |
| RAMESES | P99863 | B | 10-124 | 12/23/2010 | T | | WILLIAM YANKEY, ATTY | |

Page 1

Robert Hawneses P-99863
Mule Creek State Prison
P.O. Box 409040
Ione CA 95640  B-8-106

Petitioner Pro-Se

Legal Mail

In The United States Dist.
Court, Clerks Office 299
East Broward Boulevard
Room # 108 Fort Lauderdale
Florida 33301

Legal Mail