UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-23580-CV-LENARD/BANDSTRA

ROBERT RAMESES,

        Petitioner,

v.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
CALIFORNIA, et al.,

        Respondents.
_____/

**RESPONSE IN OPPOSITION TO MOTION FOR EXTRAORDINARY REMEDY**

        Comes now the United States of America, through the undersigned Assistant United States Attorney for the Southern District of Florida, and hereby files this Response to Petitioner Robert Rameses's Motion for Extraordinary Remedy of Specific Performance as Part of Plea Agreement. (DE 1). For the reasons expressed herein, the United States respectfully requests the Court deny the Petitioner's Motion. In support of its Response, the United States would respectfully show this Court the following:

### I. Procedural and Factual Background

        On April 12, 1999, a state grand jury indicted Petitioner[1] in El Dorado County, California for

---

[1] Petitioner, formerly known as Robert Rozier, is not unfamiliar to the Southern District of Florida. In 1988, he pled guilty to four second-degree murders and agreed to testify under immunity about the Yahweh Ben Yahweh cult in exchange for dismissal of three murder counts and a 22-year term of confinement. (Attachment A, Petitioner's motion).

a single felony count of issuing checks without sufficient funds. (EDCA1 DE 38 p.10).[2] On July 6, 2000, a jury found Petitioner guilty of this offense. Id. On January 12, 2001, the Superior Court sentenced Petitioner to 25 years to life under the California Three Strikes law based on four prior Florida convictions for second-degree murder. Id. Petitioner unsuccessfully appealed his conviction and sentence through the California appellate process. Id. On October 3, 2011, Petitioner filed this Motion for Extraordinary Remedy in the Southern District of Florida (SDFL). (DE 1). A comparison with a Motion for Extraordinary Remedy filed by Petitioner in the Eastern District of California (EDCA) on May 13, 2011[3] reveals the instant motion and the EDCA motion are nearly verbatim. (EDCA2 DE 1). The only distinction between the motions is Petitioner substituted the phrase "THE SOUTHERN DISTRICT OF FLORIDA" for "The Eastern District of California" in the heading of the SDFL motion. In both motions, Petitioner challenges the propriety of his California bad-checks conviction and sentence under the California Three Strikes law. Specifically, Petitioner challenges the state's use of his immunized 1988 testimony in its prosecution.

In his "FINDINGS AND RECOMMENDATIONS" as to Petitioner's May 13, 2011 motion, Magistrate Judge Gregory G. Hollows, Eastern District of California, construed the motion as a 28 U.S.C. § 2254 petition attacking Petitioner's state conviction and sentence. (EDCA2 DE 10).[4] Petitioner had already challenged his California conviction and sentence in a prior habeas action[5]

---

[2] References to documents filed in Petitioner's original collateral proceeding, Rameses v. Kernan, CIV S-04-1173 GEB (EDCA), will be referred to as EDCA1 followed by the appropriate docket entry number.

[3] Rameses v. U.S. Dist. Court, et al., CIV S-11-1292 (EDCA). References to documents filed in Petitioner's successive collateral proceeding will be referred to as EDCA2 followed by the appropriate docket entry number.

[4] Judge Hollows's "FINDINGS AND RECOMMENDATIONS" are included as an attachment to this Response.

[5] Rameses v. Kernan, CIV S-04-1173 GEB (EDCA).

filed pursuant to § 2254, which was ultimately denied.[6]  (EDCA1 DE 83).  Judge Hollows thus viewed Petitioner's May 13, 2011 motion as "successive" because the matter regarding the state's use of Petitioner's 1988 immunized testimony was already resolved on the merits. (EDCA2 DE 10). Because the motion was "successive," per 28 U.S.C. § 2244(b)(3)(A),[7] Petitioner had actually needed to obtain leave from the Ninth Circuit Court of Appeals to file his May 13, 2011 motion with the district court.  Petitioner, however, never sought authorization from the Ninth Circuit to file his "successive" motion. Instead, Petitioner, undeterred in having the court repeatedly consider the same issue, re-filed the matter in district court under the guise of a motion for "extraordinary remedy." In truth, as keenly noted by Judge Hollows, Petitioner was "making every effort to circumvent the rule regarding a second or successive petition." Id.  Because Petitioner had not sought leave from the Ninth Circuit to file his motion, Judge Hollows recommended the district court dismiss the motion as successive and to close the case.  On January 3, 2012, the district court adopted Judge Hollows's findings and recommendations and ordered Petitioner's May 13, 2011 motion dismissed as successive and the case closed. (EDCA2 DE 13).

## II. Analysis

Petitioner's instant motion, a verbatim version of the EDCA motion, is, as observed by Judge Hollows, essentially a § 2254 application.  Section 2254 confers jurisdiction upon the federal courts

---

[6] Petitioner thereafter sought relief from the denial of his §2254 petition,  pursuant to a putative Fed. R. Civ. P. 60(b) motion, which the court dismissed as successive.  Petitioner filed yet another purported Rule 60(b) motion, which was "stricken as wholly duplicative" of the prior motion. (EDCA2 DE 10).

[7] 28 U.S.C. § 2244(b)(3)(A) provides, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."

to hear collateral attacks on state court judgments.[8] Specifically, a federal court may grant a writ of habeas corpus under § 2254 if a petitioner is in state custody because a state court adjudication of a claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); Frazier v. Bouchard, 661 F.3d 519, 527 (11th Cir. 2011). Section 2241, however, "specifies the court in which [the petition] must be brought." Wadsworth v. Johnson, 235 F.3d 959, 961 (5th Cir. 2000). For petitioners confined pursuant to a judgment and sentence by a state court in a state with more than one federal district, like Petitioner, § 2241(d) identifies those district courts where a petitioner may file his habeas application:

> Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application.

28 U.S.C. § 2241(d)

Although § 2254 provides general subject matter jurisdiction for habeas petitions, § 2241(d) gives Petitioner two choices: he may file a § 2254 application in either the Federal district where he is incarcerated or the Federal district where he received his state conviction and sentence. See Carmona v. Andrews, 357 F.3d 535, 539 (5th Cir. 2004). Petitioner is in custody in Ione, California and he was convicted and sentenced in El Dorado County, California. Both places are located in the Eastern District of California. Accordingly, Petitioner's instant motion, which may be construed as a

---

[8] See 28 U.S.C. § 2254(a), which states federal courts "shall entertain an application for a writ of habeas corpus [from one] in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws and treaties of the United States."

successive § 2254 application, may not be heard in the Southern District of Florida due to lack of subject-matter jurisdiction.

### III. Conclusion

For the reasons stated above, Petitioner Robert Rameses's Motion for Extraordinary Remedy of Specific Performance as Part of Plea Agreement should be denied for lack of jurisdiction.

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

By:  /s/ Robert J. Brady, Jr.
ROBERT J. BRADY, JR.
Assistant U.S. Attorney
District Court No. A5501703
99 Northeast 4th Street
Miami, Florida 33132-2111
Tel: (305) 961-9188
Fax: (305) 536-7213

**CERTIFICATE OF SERVICE**

      I hereby certify that on March 9, 2012, I electronically filed the foregoing document with the Clerk of Court using CM/ECF system.  I further certify that on the same day a copy of the foregoing document and notice of electronic filing was furnished by U.S. mail to the following non-CM/ECF participant:

ROBERT RAMESES, *pro se*
P-99863
Mule Creek State Prison
P.O. Box 409040
Ione, California 95640

                                              /s/ Robert J. Brady, Jr.
                                              ROBERT J. BRADY, JR.
                                              Assistant U.S. Attorney